MARDEN, respondent, *v.* WHEELOCK et al., appellants.

PRACTICE—*issues of law—waiver of.* Issues of law should be disposed of before issues of fact are tried; but this right is waived by a party who goes to trial upon the facts, without insisting upon a demurrer, which has been filed in the action.

GARNISHEE—*when protected by stay of execution.* If an action is pending between M. and W., and W. is served with garnishment as the debtor of M. in an attachment suit subsequently commenced, the court should proceed with the first action to final judgment, and protect W., as garnishee, if necessary, by staying execution until the attachment suit is determined.

PRACTICE—*intermediate proceedings reviewed.* On an appeal from a judgment, this court can review the intermediate proceedings and afford relief.

PRACTICE—*oral instructions—not error.* It is not error for a judge of the district court to give oral instructions.

COSTS—*when presumed correct.* It is a presumption that the costs entered by the clerk, in a judgment, have been properly ascertained and taxed.

*Appeal from the Third District, Lewis and Clarke County.*

MARDEN commenced this action in May, 1867, against the defendants upon two promissory notes made by them to plaintiff. After the answer and replication had been filed, the defendants filed an "additional answer" on June 13, 1868, and alleged that G. W. Morse had commenced a suit against Marden on that day, and garnished the defendants as the debtors of Marden. They asked the court to stay proceedings in the action against them until the attach-

ment suit of Morse was disposed of. The court, MUNSON, J., denied the application, and proceeded to the trial of the cause upon June 15, 1868. A demurrer, which had been filed on July 12, 1867, by plaintiff to the original answer of the defendants, was never argued nor passed upon.

The jury returned a verdict for plaintiff for $3,250, upon which judgment was entered by the court.

The defendants filed the following objections to the instructions of the court: "Defendant's object to the instructions of the court upon the ground the same were not law, and that they were given orally."

The court overruled the defendants' motion for a new trial, and defendants appealed.

Before the argument of this cause on the appeal, respondent filed the affidavit of A. M. Woolfolk, stating that he was one of Marden's attorneys; that the suit of *Morse* v. *Marden* had been settled between the parties; and that the same so appeared upon the records of the court in Lewis and Clarke county.

CHUMASERO & CHADWICK, for appellants.
No brief on file.

WOOLFOLK & TOOLE, for respondent.
The respondent had a right to abandon his demurrer and go to trial upon the truth of the facts of the defendants' answer. No exception was saved upon this point by appellant, as required by law.

Appellants do not show that they were injured by the ruling of the court below in refusing a continuance on account of the garnishment in the case of *Morse* v. *Marden.* Appellants saved no exception upon this point. Prac. act, 1867, § 188.

The affidavit of A. M. Woolfolk, on file, shows that the case of *Morse* v. *Marden* has been settled, and the garnishment is inoperative.

The bill of costs filed in the lower court is not embraced in the record. Appellants furnish no evidence to show that no bill of costs was filed. If there was error in this respect,

the remedy was by motion to retax the costs in the lower court.

WARREN, C. J.  The transcript of the record filed in this cause does not show any statement, in compliance with the statute, to have been filed in the court below on the motion for a new trial, specifying the particulars in which the evidence is alleged to have been insufficient, or the particular errors in law alleged as occurring on the trial; no exceptions appear to have been taken and preserved in the record; and the appellants have not annexed any statement on appeal to this court.  No order seems to have been entered upon the motion for a new trial, and the appeal is from the judgment entered on the verdict of the jury below, generally.

The appellants have filed in this court, for the first time, an assignment or specification of errors, which, as an appellate court, we must consider in the light of the record furnished us.

The first error alleged is in proceeding to trial of the cause without first disposing of respondent's demurrer to appellant's answer.

Under our practice a party may demur and answer or reply at the same time; and filing an answer or replication does not waive a demurrer previously filed, and issues of law should be disposed of before issues of fact are tried. A party, however, may unquestionably waive these rights, and does waive them by going to trial upon the facts without insisting upon his demurrer, especially if the opposite party does not call it up.  The latter party is not injured in such case; and it is not for him to complain, upon appeal, as no injury has been or could be sustained by him in consequence.

The next error assigned is in the action of the court below in refusing to stay proceedings in this suit, until the determination of the attachment suit subsequently commenced and pending in the same court, in which the appellants were served with garnishment as debtors of respondent, in accord-

ance with the application for that purpose of appellants, filed as a supplemental answer in this cause.

This is a question of practice which, perhaps, is not fully settled.

It cannot be maintained that the garnishment of appellants, before answer and judgment against them, in any way affected the relations or rights of the parties to this suit, so far as the issues involved in it are concerned. All that the appellants could rightfully ask was that they be protected against double liability; and, in fact, their own application was that such action might be taken by the court, by continuance of this cause or otherwise, as would protect them. This protection could be afforded in one of two ways: either by suspending proceedings in this cause until the determination of the attachment suit against respondent, or by proceeding in this cause to final judgment, in the mean time protecting appellants as garnishees, and staying execution, if necessary, to await the result of the attachment.

We are of opinion that the latter is the proper and equitable course, and that the court below committed no error in refusing the continuance applied for. This suit was first commenced, and both were pending in the same court. The court could and should protect the appellants; and, so far as the record shows, did so. It does not appear that judgment was recovered in the attachment against respondent as defendant, or against appellants as garnishees, or that the attachment and garnishment remained pending at the time of rendition of the judgment in this cause. If such appeared to be the fact, and the court had failed to stay the execution under the judgment in this cause, the appellants would have sustained injury, and on appeal from the judgment, under our practice, this court could and would have reviewed the intermediate proceedings, and afforded appellants relief. Upon the record before us, appellants do not appear to have been injured by the action of the court in refusing to stay the proceedings, and, consequently, there is nothing to justify the interposition of this court.

As to the third error specified, all the record shows upon the subject is an "objection" of the appellants to the instructions of the court below, "upon the ground the same was not law, and that they were given orally." The instructions given are not preserved; the fact that they were given orally is no error; and the record does not show a request on the part of appellants that they should be reduced to writing by the court. A mere motion of a party filed in a cause, assuming that certain facts exist, cannot be regarded as a substitute for a bill of exceptions, or statement of facts agreed on by the parties, or certified by the court, as contemplated by our statute.

The clerk has entered the costs in the judgment rendered, and the presumption is that they were properly ascertained and taxed. The memorandum furnished by the party of his items of costs need not necessarily form part of the transcript on appeal.

The judgment of the court below is affirmed, with costs.

*Affirmed.*

KNOWLES, J., concurred.